Byron L. Ames (11498)
**AMES & AMES, LLP**
210 N. Main Street
Kamas, UT 84036
Tel: (435) 214-0303
Fax: (435) 216-9393
Email: Bames@amesfirm.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

Civil Action No. 2:16-cv-01044-JNP

THE ESTATE OF EDGAR RIECKE;
SARAH EARLY, individually and as an heir of Edgar Riecke;
KATIE RIECKE, individually and as an heir of Edgar Riecke;
and JEFF RIECKE, individually and as an heir of Edgar Riecke.

    Plaintiffs,

Vs.

BOY SCOUTS OF AMERICA; a Texas non-profit corporation;
TRAPPER TRAILS COUNCIL, BOY SCOUTS OF AMERICA; a Utah non-profit corporation;
CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole;
LOGAN MACKAY, individually and in a representative capacity,
DAVID MICHELSON, individually and in a representative capacity, by and through his parents SCOTT MICHELSON and ANTONIA MICHELSON;
MARC ANDERSON, individually and in a representative capacity;
GREG DAY, individually and in a representative capacity;
MATT DAY, individually and in a representative capacity;
BRAD EWELL, individually and in a representative capacity; and
CLARK MARTIN, individually and in a representative capacity.

    Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, the Estate of Edward Riecke, Sarah Early, individually and as heir to the Estate of

Edward Riecke, Katie Riecke, individually and as heir to the Estate of Edward Riecke; and Jeff Riecke, individually and on behalf of the estate of Edward Riecke (together "Plaintiffs"), by and through undersigned counsel, Ames &Ames LLP, submit the following Complaint and Jury Demand ("Complaint") against Defendants: Boy Scouts of America ("BSA"); Trapper Trails Council, Boy Scouts of America ("Council"); Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("LDS Church"); Logan Mackay ("Mackay"); David Michelson, ("Michelson") individually, and by and through his parents Scott Michelson and Antonia Michelson ("Parents"); Marc Anderson ("Anderson"), individually, and in a representative capacity; Greg Day ("G. Day"), individually, and in a representative capacity; Matt Day ("M. Day"), individually, and in a representative capacity; Brad Ewell ("Ewell"), individually and in a representative capacity; and Clark Martin ("Martin"), individually, and in a representative capacity (collectively "Defendants"), and state as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Estate of Edgar Riecke, is a citizen of the State of Colorado, probated in La Plata County, State of Colorado. Prior to his death, Mr. Riecke was a citizen of the State of Colorado, previously residing at 17 Sage Hill Ct., Durango, CO 81301.

2. Plaintiff Sarah Early ("Early), as the natural daughter of Edgar Riecke, is a citizen of the State of Colorado, residing at 6628 East 121st Place, Brighton, CO 80602.

3. Plaintiff Katie Riecke ("K. Riecke"), as the natural daughter of Edgar Riecke, is a citizen of the State of New York, residing at 34 Burr Oak Drive, Pittsford, NY 14534.

4. Plaintiff Jeff Riecke ("J. Riecke"), as the natural son of Edgar Riecke, is a citizen of Washington D.C., residing at 2112 8th Street NW #908, Washington D.C. 20001.

5. Defendant Boy Scouts of America is a Texas non-profit corporation, with its principal place of business at 1325 W. Walnut Hill Ln., Irving, TX 750383008, authorized to do business in Utah as a non-profit corporation. Upon information and belief, BSA is responsible for hiring, appointing, overseeing, training, supervising, and/or terminating its representatives, including Troop Leaders, and for the actions or inactions of the Troop Leaders and/or scout members, and has the authority to direct and control scout members, its associated Councils' and Troop Leaders' activities.

6. Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints is a Utah corporation with its principal place of business at 60 E. S. TEMPLE #1800 Salt Lake City, UT 84111, which also conducts its activities by and through the Brookhaven Ward, Kaysville Utah East Stake, located at 190 North County Lane, Fruit Heights, Utah, 84037. LDS Church chartered Troop 603, through BSA, the Council, and/or the Troop Leaders. Upon information and belief, LDS Church has or shares the authority to direct and control the regularly conducted activities and actions of Troop Leaders, the Council, Boy Scout members, and/or BSA.

7. Defendant Trapper Trails Council, Boy Scout of America, is a Utah non-profit corporation with its principal place of business at 1200 E. 5400 S. Ogden, UT 84403. Upon information and belief, the Council serves youth and Scout leaders in Kaysville and Fruit Heights, Utah and is responsible for hiring, appointing, overseeing, training, supervising, and/or terminating its representatives, including Troop Leaders, and for the actions or inactions of the Troop Leaders and/or scout members, and has or shares the authority to direct and control scout members' and Troop Leaders' activities.

8. Upon information and belief, Defendant Logan Mackay ("Scout Defendant") is a citizen of the State of Utah. At the time of the incident giving rise to this lawsuit, Mackay was seventeen years old. Mackay has since reached the age of majority.

9. Upon information and belief, Defendant David Michelson ("Michelson," together with McKay, the "Scout Defendants"), by and through his parents Scott Michelson and Antonia Michelson ("Parents"), is a citizen of the State of Utah. At the time of the incident giving rise to this lawsuit, Michelson was fourteen years old. He has not yet reached the age of majority and his Parents are responsible for his acts and/or omissions.

10. Upon information and belief, Defendant Marc Anderson is a citizen of the State of Utah. At all relevant times, Anderson acted, or failed to act, in his individual capacity, and/or in a representative capacity as a Troop Leader for BSA, LDS Church, the Council and/or Troop 603 ("Troop 603").

11. Upon information and belief, Defendant Greg Day is a citizen of the State of Utah. At all relevant times, G. Day acted, or failed to act, in his individual capacity, and/or in a representative capacity as a Troop Leader for BSA, LDS Church, the Council and/or Troop 603.

12. Upon information and belief, Defendant Matt Day is a citizen of the State of Utah. At all relevant times, M. Day acted, or failed to act, in his individual capacity, and/or in a representative capacity as a Troop Leader for BSA, LDS Church, the Council and/or Troop 603.

13. Upon information and belief, Defendant Brad Ewell is a citizen of the State of Utah. At all relevant times, Ewell acted, or failed to act, in his individual capacity, and/or in a representative capacity as a Troop Leader for BSA, LDS Church, the Council and/or Troop 603.

14. Upon information and belief, Defendant Clark Martin ("Martin," together with Anderson, M. Day, G. Day, Ewell, and Martin, the "Troop Leaders") is a citizen of the State of

Utah. At all relevant times, Martin acted, or failed to act, in his individual capacity, and/or in a representative capacity as a Troop Leader for BSA, LDS Church, the Council and/or Troop 603.

15. This Court has personal jurisdiction over Defendant Scouts and Troop Leaders because they are citizens of the State of Utah and were engaged in the wrongful conduct and/or omissions alleged herein in Utah. This Court additionally has personal jurisdiction over Defendants BSA and LDS Church because they are engaged in business and/or official non-profit activities in the State of Utah.

16. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (a)(1) because: (1) the amount in controversy in this action exceeds $75,000, exclusive of interest and costs and; (2) the action is between Plaintiffs, all of whom are citizens of Colorado, New York and Washington D.C. and Defendants, all of whom are citizens of Utah and Texas. Complete diversity jurisdiction is therefore satisfied.

17. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are citizens of and/or conduct business in Utah, and because the events or omissions giving rise to the claims asserted occurred in Utah.

18. Plaintiffs have standing to assert the instant claims pursuant to Utah Code Ann. 78-3-106.

## II. GENERAL ALLEGATIONS

### A. *Defendants' Relationships, Agencies, and Joint Venture*

19. LDS Church, BSA, the Council and Troop 603 are closely affiliated and engaged in an ongoing joint venture. As part of their relationship, LDS Church charters BSA troops to engage in scouting activities, including cub scouting, boy scouting, varsity scouting, and venturing (together "Scouting"), while also participating in religious activities.

20. LDS leaders and other LDS Church members participate either as volunteers or paid employees, in district, council, and national Scouting committees and activities to solidify relationships between Scouting and LDS Church and to improve the Scouting program. LDS Church and BSA, create, by virtue of their concerted efforts, "Latter-day Saint Scouting units," who are expected to exhibit and adhere to the standards set forth by LDS Church when engaging in official Scouting activities.

21. Troop 603 is an LDS-chartered Latter-day Saint Scouting unit, led by the Troop Leaders and consisting of the Scout Defendants and other boy scouts not at issue here.

22. In furtherance of their common goal, LDS Church, BSA, the Council and/or its agents applied for and obtained a Forest Product Removal Permit ("Permit"), providing for the removal of fallen firewood. The Permit did not allow the removal of green trees or standing trees.

23. Upon information and belief, LDS Church, BSA, and/or the Council authorized the Troop Leaders to direct Troop 603 to act on behalf of, and as an agent of LDS Church and/or BSA, and their joint venture with the purpose of carrying out Scouting activities.

24. Upon information and belief, the Troop Leaders, either by express or implied authorization, act on behalf of LDS, BSA and/or the Council and are engaged in the joint venture. On October 11, 2014, the Troop Leaders were engaged in the course and scope of their employment and/or agency role with the Council, BSA and/or the Church, and were responsible for the supervision and oversight of Troop 603, including the actions of the Scout Defendants.

25. The Scout Defendants were instructed by the Troop Leaders to collect firewood on October 11, 2014. While gathering firewood on behalf of the Troop Leaders, the Scout Defendants were engaged in conduct on behalf of the Council, BSA, and/or LDS Church to further the goals of those entities.

### B. *The Death of Mr. Riecke*

26. On October 11, 2014, at approximately 11:45 AM, Troop 603, at the direction of the Troop Leaders and the other Defendants, was collecting firewood on U.S. Forest Service land, specifically, the Escalante Ranger District of the Dixie National Forest in Garfield County, Utah.

27. This section of forest was located adjacent to State Road 12 at approximately mile marker 105.2.

28. Scout Defendants crossed the highway and intentionally cut down a live, green, aspen tree along the east shoulder of State Road 12 in an effort to collect firewood as instructed by Troop Leaders.

29. The Scout Defendants spent approximately forty-five (45) minutes cutting down the green, fully-grown, aspen tree. During this time, the Scout Defendants were not supervised and Troop Leaders failed to inquire into or ascertain the whereabouts or actions of either of the Scout Defendants.

30. After the Scout Defendants whittled all the way around the trunk without adult supervision, the tree began falling towards the road.

31. At or about the time of the Scout Defendants actions, Edgar Riecke was traveling north on his Suzuki motorcycle, along State Road 12. As Mr. Riecke traveled around the corner and passed mile marker 105, the tree fell directly on top of him, killing him.

32. Mr. Rieke was pronounced dead at the scene.

### III. FIRST CLAIM FOR RELIEF
**Negligence**
(All Defendants)

33. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

34. The Scout Defendants owed a duty of reasonable care including, but not limited to, the duty to avoid injuring others.

35. The Troop Leaders owed a duty of reasonable care, including, but not limited to, the duty to supervise, train and instruct the Scout Defendants, so as to avoid injuring others. The Troop Leaders were expected to anticipate the ordinary behavior of the minors under their supervision and owed a higher duty of care because of their supervisory role of minors.

36. The Troop Leaders entrusted the Scout Defendants with tools and activities typically reserved for adults, namely, axes, chainsaws, and bowsaws, and upon information and belief permitted the minors to engage in the felling of trees and cutting of firewood, activities traditionally reserved for adults, without reasonable supervision.

37. At all times relevant hereto, the Troop Leaders had the authority to act on behalf of LDS Church, BSA, and/or the Council and to control and direct the Scout Defendants, and instructed the Scout Defendants to obtain firewood, thereby creating an agency relationship with the Scout Defendants.

38. Upon information and belief LDS Church, BSA, the Council, and Troop 603 are engaged in an ongoing joint venture whereby all defendants share a common interest in educating and rearing boy scouts with LDS Church's religious standards and BSA's scouting teachings, they share a joint proprietary interest in the education and teaching of boy scouts, have a mutual right to control the conduct of Scouts , and share in the profits and losses of their joint venture by benefitting from the teaching of boy scouts possessing the values of both BSA and LDS Church as well as sharing in the losses of such venture in the event boy scouts fail to accomplish their training as directed by either LDS Church or BSA.

39. At all times relevant hereto, the Troop Leaders were acting in a representative capacity at the direction of, and/or on the authority of BSA, the Council, and LDS Church, and/or at the direction of, and on the authority of the joint venture of BSA and LDS Church.

40. At all times relevant, BSA and LDS Church were responsible for the conduct of the Council, Troop Leaders, and Scout Defendants, which was within the ordinary course and scope of its joint venture and/or common plan with LDS Church.

41. The Scout Defendants breached their duty of care by negligently felling a live tree immediately adjacent a state highway while acting within the scope of agency of the Troop Leaders, the Council, BSA and/or LDS Church.

42. Any reasonable person of the Scout Defendants' like age, experience and intelligence, would have foreseen that a tree falling near any roadway was highly dangerous and capable of causing injury to a nearby motorist.

43. Any reasonable person engaged in the removal of trees, an adult activity, would have foreseen that a tree falling near any roadway was highly dangerous and capable of causing injury to a nearby motorist.

44. The Troop Leaders each breached their duty of care by unreasonably failing to supervise, train or instruct the Scout Defendants, including but not limited to entrusting the Scout Defendants with instrumentalities traditionally reserved for adults, failing to advise the Scout Defendants of the potential dangers associated with their actions, and failing to properly instruct the Scout Defendants with regard to the limitations of the Permit.

45. Any reasonable person would have foreseen that the failure to supervise, train or instruct minors armed with tools for cutting down trees next to a state highway, could cause injury to a nearby motorist.

46. BSA, LDS Church, and the Council are vicariously liable for the actions of the Troop Leaders and the Scout Defendants by virtue of their agency relationship, their joint venture to pursue a common plan, and/or the doctrine of respondeat superior.

47. BSA, LDS Church, and the Council are independently liable for Mr. Riecke's death due to their unreasonable failure to develop and implement policies and procedures sufficient to protect Edgar Riecke, unreasonable failure to develop, train, and instruct Troop Leaders regarding supervision of minors, and unreasonable failure to train Troop leaders and scouts regarding the dangers associated with cutting down trees near paths of travel.

48. The Defendants' actions or omissions caused the death of Edgar Riecke and resulted in damages in an amount to be proven at trial.

### IV. SECOND CLAIM FOR RELIEF
### Gross Negligence
(Scout Defendants and Troop Leaders)

49. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

50. The Scout Defendants were grossly negligent, failed to observe even slight care, and demonstrated utter indifference to the consequences of their actions by felling a tree adjacent the road without regard to its implications to traffic on the public roadway.

51. The Troop Leaders were grossly negligent, failed to observe even slight care, and demonstrated utter indifference to the consequences of their actions by entrusting tree removal tools to the Scout Defendants and failing to reasonably supervise or train the Scout Defendants while engaged in an adult activity.

52. BSA, LDS Church, and the Council are liable for the actions of the Troop Leaders and the Scout Defendants by virtue of their agency relationship, their joint venture to pursue a common plan, and/or the doctrine of respondeat superior.

53. As a result of the gross negligence of the Scout Defendants and the Troop Leaders, Plaintiffs have suffered damages in an amount to be proven at trial.

## V. THIRD CLAIM FOR RELIEF
### Negligence *Per Se*
(Scout Defendants)

54. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

55. The removal of live, standing trees violates 36 C.F.R. 261.6(a) and (b), which prohibits, among other things:

> (a) Cutting, removing, or otherwise damaging any timber, tree, or other forest product, including special forest products and forest botanical products, except as authorized by Federal law, regulation, permit, contract, special use authorization, free-use authorization, or personal-use authorization.
>
> (b) Cutting any standing tree under any permit or contract before a Forest Officer has marked it or has otherwise designated it for cutting.
> 261

56. 36 C.F.R. 223.6 provides in relevant part:

> . . . Cutting and removal of timber in free-use areas shall be in accordance with such rules as may be prescribed by the district ranger to prevent fires, minimize damage to uncut trees and other resources, and to avoid confusion among users.

36 C.F.R. § 223.6

57. The Permit obtained by Troop 603 and/or the Troop Leaders did not permit the removal of live, or standing trees. Upon information and belief, the conditions on the Permit expressly prohibited the felling of standing and/or live trees adjacent to roadways for safety reasons, including, but not limited to, avoiding injury or death to passing motorists or nearby parties.

58. The Scout Defendants not only violated federal law when they felled a standing aspen tree, but they failed to use reasonable care to ensure that the falling tree would not place the public at risk, and failed to warn oncoming traffic of the potential danger created by their conduct. If the Scout Defendants exercised reasonable care when cutting down the tree, the tree would not have struck and killed Mr. Riecke as he drove down State Road 12.

## VI. FOURTH CLAIM FOR RELIEF
**Negligent Supervision**
(Troop Leaders, LDS Church, BSA, and Council)

59. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

60. The Troop Leaders, individually, and as agents of BSA, LDS Church and the Council, had a duty to train, instruct and supervise the Scout Defendants after having entrusted them with tools to collect firewood and directed them to collect firewood.

61. The Troop Leaders knew or should have known that their failure to supervise the Scout Defendants could result in foreseeable harm and/or injury to others.

62. The Troop Leaders, individually, and/or as agents of BSA, LDS Church and the Council, failed to train, instruct, or supervise the Scout Defendants by allowing them to cut down a living tree adjacent to the highway.

63. BSA, LDS Church, and the Council are liable for the actions of the Troop Leaders and the Scout Defendants by virtue of their agency relationship, their joint venture to pursue a common plan, and/or the doctrine of *respondeat superior*.

64. The Scout Defendants and Troop Leaders' actions or omissions caused the death of Edgar Riecke and damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
**Punitive Damages**
(Troop Leaders, Scout Defendants)

65. The conduct of the Scout Defendants and Troop Leaders described herein manifested a knowing and reckless indifference to others, entitling Plaintiffs to an award of damages, pursuant to Utah Code Ann. 78B-8-201.

66. BSA, LDS Church, and the Council are liable for the actions of the Troop Leaders and the Scout Defendants by virtue of their agency relationship, their joint venture to pursue a common plan, and/or the doctrine of *respondeat superior*.

## VII. PRAYER AND JURY DEMAND

WHEREFORE, Plaintiffs the Estate of Edward Riecke, Sarah Early, individually and as heir to the Estate of Edward Riecke, Katie Riecke, individually and as heir to the Estate of Edward Riecke; and Jeff Riecke, individually and on behalf of the Estate of Edward Riecke hereby request the following relief and judgment in Plaintiffs' favor and against Defendants, for damages, including, but not limited to:

(1) Emotional distress and for loss of the love, affection, companionship, and society of Mr. Riecke.

(2) Loss of past and future economic support

(3) For special and incidental damages including, but not limited to, funeral expenses, and medical expenses, pursuant to U.C.A. Section 78B-3-106 -107.

(4) For punitive damages in an amount to be determined at trial;

(5) For attorney fees pursuant to U.C.A. Section 78B-8-201;

(6) For costs accrued and accruing;

(7) For pre-judgment and post-judgment interest as allowed by law; and,

(8) For such other and further relief as the court deems just under the circumstances.

**PLAINTIFFS REQUEST A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 18th day of October, 2016.

*/s/ Byron L Ames*
Byron L. Ames (11498)
**AMES & AMES, LLP**
210 N. Main Street
Kamas, UT 84036
Tel: (435) 214-0303
Fax: (435) 216-9393
Email: Bames@amesfirm.com
*Attorney for Plaintiffs*