Peter H. Barlow, #7808
Andrew D. Day, #13683
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

*Attorneys for Defendant Logan Mackay*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE ESTATE OF EDGAR RIECKE; SARAH EARLY, individually and as an heir of Edgar Riecke; KATIE RIECKE, individually and as an heir of Edgar Riecke; and JEFF RIECKE, individually and as an heir of Edgar Riecke,<br><br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA; a Texas non-profit corporation; TRAPPER TRAILS COUNCIL, BOY SCOUTS OF AMERICA, a Utah non-profit corporation; THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, A Utah non-profit corporation; LOGAN MACKAY, individually and in a representative capacity, DAVID MICHELSON, individually and in a representative capacity, by and through his parents SCOTT MICHELSON and ANTONIA MICHELSON; MARC ANDERSON, individually and in a | **ANSWER OF LOGAN MACKAY TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>Civil Action No. 2:16-cv-01044<br><br>Judge: |

| | |
|---|---|
| representative capacity; GREG DAY, individually and in a representative capacity; MATT DAY, individually and in a representative capacity; BRAD EWELL, individually and in a representative capacity; and CLARK MARTIN, individually and in a representative capacity.<br><br>                                          Defendants. | |

Defendant Logan Mackay, by and through counsel of record, Strong & Hanni, responds to the allegations of Plaintiffs' Amended Complaint as follows:

## **FIRST DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

Responding to the individually numbered paragraphs of Plaintiffs' Amended Complaint, Logan Mackay admits, denies, or alleges that he lacks information as follows:

1. This Defendant lacks information sufficient to form a belief as to the truthfulness of paragraphs 1, 2, 3, 4, 5, 6, and 7, and therefore denies the same.

2. With regard to the allegations contained in paragraph 8, this Defendant denies that he is a citizen of the State of Utah, as he is currently domiciled in the State of South Carolina. This Defendant admits the remaining allegations contained in paragraph 8.

3. This Defendant lacks information sufficient to form a belief as to the truthfulness of paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18, and therefore denies the same.

4. This Defendant lacks information sufficient to form a belief as to the truthfulness of

paragraphs 19, 20, 21, 22, 23, 24, and therefore denies the same.

5. With regard to the allegations contained in paragraph 25, with regard to this Defendant only, this Defendant admits that he was instructed by troop leaders to collect firewood on October 11, 2014. This Defendant lacks information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 25, and therefore denies the same.

6. With regard to the allegations contained in paragraph 26, this Defendant admits, with respect to this Defendant only, that he was collecting firewood on October 21, 2014, but denies the remaining allegations of paragraph 26 for lack of information.

7. This Defendant lacks information sufficient to form a belief as to the truthfulness of paragraph 27, and therefore denies the same.

8. This Defendant denies the allegations contained in paragraph 28, with respect the allegations against this specific Defendant only.

9. With regard to the allegations contained in paragraph 29, this Defendant denies that he knew that the aspen tree was green or fully grown, and lacks information with regard to the amount of time spent or as to the remaining allegations contained in paragraph 29, and therefore denies the remaining allegations contained in paragraph 29.

10. This Defendant denies the allegations contained in paragraph 30.

11. This Defendant admits the allegations contained in paragraphs 31 and 32.

12. With regard to the allegations contained in paragraph 33, this Defendant admits, denies, or alleges that he lacks information as set forth previously.

13. With regard to this answering Defendant only, this Defendant admits the allegations contained in paragraph 34.

14. With regard to the allegations contained in paragraph 35, this Defendant lacks information sufficient to form a belief as to the truthfulness thereof, and therefore denies the same for lack of knowledge.

15. With regard to the allegations contained in paragraphs 36, 37, 38, 39, and 40, those allegations are directed at Defendants other than this Defendant, and this Defendant lacks information sufficient to form a belief as to the truthfulness thereof, and therefore denies the same.

16. This Defendant admits the allegations contained in paragraph 41 with respect to this Defendant only.

17. This Defendant lacks information sufficient to form a belief as to the truthfulness of paragraphs 42, and 43, and therefore denies the same.

18. With regard to the allegations contained in paragraphs 44, 45, 46, and 47, those paragraphs are directed at Defendants other than this answering Defendant, and this Defendant lacks information sufficient to form a belief as to the truthfulness thereof, and therefore denies the same.

19. With regard to the allegations contained in paragraph 48, with regard to this Defendant only, this Defendant admits paragraph 48.

20. This Defendant admits, denies, or alleges that he lacks information with regard to the allegations contained in paragraph 49, as set forth previously.

21. This Defendant denies the allegations contained in paragraph 50.

22. With regard to the allegations contained in paragraphs 51, and 52, those allegations are directed a Defendant other than this Defendant, and therefore this Defendant lacks information sufficient to form a belief as to the truthfulness thereof, and therefore this Defendant denies the same.

23. This Defendant denies the allegations contained in paragraph 53.

24. With regard to the allegations contained in paragraph 54, this Defendant admits, denies, or alleges that he lacks information as set forth previously.

25. This Defendant lacks information sufficient to form a belief as to the truthfulness of paragraphs 55, 56, 57, and 58, and therefore denies the same.

26. With regard to the allegations contained in paragraph 59, this Defendant admits, denies, or alleges that he lacks information as set forth previously.

27. With regard to the allegations contained in paragraphs 60, 61, 62, 63, and 64, those paragraphs are directed at Defendants other than this Defendant, and therefore this Defendant lacks information sufficient to form a belief as to the truthfulness, and therefore denies the same.

28. This Defendant denies the allegations contained in paragraphs 65 and 66. This defendant affirmatively alleges that "Punitive Damages" is not recognized as a cause of action in Utah, and that this cause of action should be dismissed.

29. This Defendant denies each and every allegation contained in Plaintiffs' Complaint that is not expressly admitted herein.

### THIRD AFFIRMATIVE DEFENSE

As an affirmative defense, this Defendant alleges that to the extent Plaintiff was negligent and/or at fault, Plaintiffs' recovery under Utah's Comparative Negligence/Fault Law is barred or diminished according to his proportion of fault.

### FOURTH AFFIRMATIVE DEFENSE

As a further, separate and affirmative defense, Defendant alleges that to the extent Plaintiffs have failed to reasonably mitigate their damages; their claims are barred.

### FIFTH DEFENSE

As a further, separate and affirmative defense, Defendant alleges that to the extent the accident and injuries complained of by the Plaintiffs were caused by third persons, events or conditions, not within the control or supervision of this Defendant and Defendant is entitled to have the jury apportion the fault of such others pursuant to Utah Code Ann. §78B-5-819 and this Defendant can only answer for this Defendant's proportionate share of fault.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant has or may have other affirmative defenses which are not now known at this time but which will become known through discovery. This Defendant reserves the right to assert additional affirmative defenses that may be ascertained through future discovery herein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state facts sufficient to support a claim for punitive damages against this Defendant.

**EIGHTH DEFENSE**

Punitive damages against Defendant are barred or limited by the Due Process Clause of the Fifth Amendment to the United States Constitution and by Article I, Section 7 of the Constitution of Utah.

**NINTH AFFIRMATIVE DEFENSE**

Punitive damages against Defendant are barred or limited by the Cruel and Unusual Punishment Clause, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and by Article I, Section 9 of the Constitution of Utah.

**TENTH AFFIRMATIVE DEFENSE**

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Utah Constitution prohibit any award of punitive damages against Defendant unless there is a unanimous verdict.

**ELEVENTH AFFIRMATIVE DEFENSE**

Punitive damages are barred or limited against Defendant by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

No act or omission of Defendant was done intentionally, willfully, with malice, reckless indifference or reckless disregard towards the safety of others, and therefore any award of punitive damages against Defendant is barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Punitive damages have an unacceptable "chilling effect" on the open courts clause of

Article I, Section 11 of the Constitution of Utah, and therefore deny due process and are barred against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded against Defendant in this case because this is not "an exceptional case."

### FIFTEENTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded in this case against Defendant because of any outrageous or malicious conduct, which is expressly denied, and subsequent like conduct is likely to be deterred by other means.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant for punitive damages are frivolous and Defendant is entitled to an award of attorney's fees, pursuant to Utah Code Annotated § 78B-5-825.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of a separate and affirmative defense, Defendant alleges that Plaintiffs' claims for punitive damages are all subject to the provisions of Utah Code Ann. § 78B-8-201 *et. seq.*

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Utah code may prohibit under any circumstances any award of punitive damages over $20,000.00 per corporate defendant and $10,000.00 per individual or as currently amended.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs must prove each and every element of punitive damages by clear and convincing evidence in order to prevail on said award.

## TWENTIETH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded where any reckless, outrageous, or malicious conduct, if any, and any is expressly denied, is likely to be or has already been deterred by other means.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiffs have failed to state any claim for economic damages with sufficiency specifically required under Rule 9(g) of the Utah Rules of Civil Procedure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As of this date, Defendant is still conducting discovery, the ultimate result of which may disclose the existence of further additional defenses. Defendant therefore raises each and every affirmative defense which would be justified by future discovery.

## RELIANCE ON PLAINTIFF'S JURY DEMAND

This Defendant recognizes that Plaintiffs have demanded a jury in this matter. Should Plaintiffs' withdraw their jury demand, this Defendant demands a right to trial by jury.

WHEREFORE, having answered Plaintiff's Amended Complaint, hereby demands a trial on all triable issues of fact.

DATED this 31st day of October, 2016.

STRONG & HANNI

*Peter H. Barlow*

Peter H. Barlow
*Attorneys for Logan Mackay*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2016, a true and correct copy of the foregoing **ANSWER OF DEFENDANT LOGAN MACKAY** was served by the method indicated below, to the following:

| | |
|---|---|
| Byron L. Ames | (  ) U.S. Mail, Postage Prepaid |
| **AMES & AMES, LLP** | (  ) Hand Delivered |
| 210 N. Main Street | (  ) Overnight Mail |
| Kamas, UT   84036 | (  ) Facsimile |
| Bames@amesfirm.com | (X) Electronically filed |
| | |
| Michael F. Skolnick | (  ) U.S. Mail, Postage Prepaid |
| KIPP AND CHRISTIAN, P.C. | (  ) Hand Delivered |
| 10 Exchange Place, Fourth Floor | (  ) Overnight Mail |
| Salt Lake City, Utah 84111 | (  ) Facsimile |
| mfskolnick@kippandchristian.com | (X) Electronically filed |
| *Attorneys for BSA* | |

*/s/ Marsha Mann*_____

004349.00233