LLOYD R. JONES, Bar # 6757
PETERSEN & ASSOCIATES
Attorneys for DAVID MICHELSEN
Mailing Address
P.O. Box 258829
Oklahoma City OK  73125-8829
Physical Address
230 South 500 East, Suite 400
Salt Lake City, UT 84102
Telephone:  (801) 328-5555
Facsimile:  (801) 524-0998
**lloyd.jones@farmers.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF EDGAR RIECKE AND HIS HEIRS, SARAH EARLY, KATIE RIECKE, AND JEFFREY RIECKE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, a Texas non-profit corporation; TRAPPER TRAILS COUNCIL, BOY SCOUTS OF AMERICA, a Utah non-profit corporation; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LOGAN MACKAY, individually and in a representative capacity; DAVID MICHELSEN, individually and in a representative capacity, by and through his parents SCOTT MICHELSEN and ANTONIA MICHELSEN; MARC ANDERSON, individually and in a representative capacity; GREG DAY, individually and in a representative capacity; MATT DAY, | DAVID MICHELSEN'S ANSWER, DEMAND FOR JURY TRIAL, AND CROSS CLAIM AGAINST THE BOY SCOUTS OF AMERICA AND THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS<br><br>Case No. 2:16-CV-01044<br><br>Judge Jill N. Parrish |

| individually and in a representative | ) |
| capacity; BRAD EWELL, individually and | ) |
| in a representative capacity; and CLARK | ) |
| MARTIN, individually and in a | ) |
| representative capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant, Scott Michelsen on behalf of his minor child David Michelsen, by and through counsel, answers Plaintiffs' Complaint and demands jury trial as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

1. Defendant admits the allegations contained in paragraphs 9, 24, 25, 31, 32, 34, 46, 47, 60, 61, 62, 63 of Plaintiffs' Complaint.

2. Defendant denies the allegations contained in paragraphs 28, 30, 41, 50, 53, 65, 66 of Plaintiffs' Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 27, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 48, 51, 52, 55, 56, 57, 58, 64 of Plaintiffs' Complaint and therefore, denies the same.

4. As to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant admits that he was collecting firewood for the Bishop's mother on October 11, 2014. As to the rest of the allegations contained in Paragraph 26 Defendant is without sufficient knowledge or information and and therefore denies the same.

5. As to the allegations contained in Paragraphs 33, 49, 54, 59 Defendant reasserts and incorporates his related answers and defenses.

6. As to the allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendant admits that they spent about 45 minutes, maybe more, cutting down a tree. Defendant asserts that one of the adults in the group told the Defendant and Co-defendant Logan Mackay to not cut the tree down on the road. However, that was the extent of the supervision or actions by the adults during the time that Defendant and Co-defendant Mackay were cutting down the tree.

7. Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted.

### THIRD DEFENSE

Plaintiffs may have been negligent in a degree equal to or greater than the negligence, if any, of the Defendant, thus barring Plaintiffs from recovery.

### FOURTH DEFENSE

Plaintiffs' potential negligence in this case, if not equal to or greater than the negligence, if any, of Defendant, must result in the reduction of any damages recoverable by Plaintiffs in an amount proportionate to Plaintiffs' negligence.

### FIFTH DEFENSE

Plaintiffs' damages may be the sole or partial proximate result of an injury sustained or condition existing prior to, or subsequent to the incident complained of in the Plaintiffs' Complaint.

## SIXTH DEFENSE

Plaintiffs' damages, if any, may have been caused or contributed to by conditions and individuals beyond said Defendant's control or right of control. Specifically, the Church of Jesus Christ of Latter day Saints and the Boy Scouts of America and the Adult Leaders. All such persons or entities must be placed on the jury special verdict for an apportionment of fault.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and to that extent Plaintiffs' claims are barred.

## EIGHTH DEFENSE

Plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

## NINTH DEFENSE

Defendant is entitled to a reduction of the jury's verdict for any medical expenses, lost wages or loss of services that have been reimbursed to Plaintiffs by an insurance carrier.

## TENTH DEFENSE

No act or omission of Defendant was done intentionally, willfully, with malice, reckless indifference, or reckless disregard towards the safety of others, and therefore punitive damages are barred.

## ELEVENTH DEFENSE

Defendant does not have liability pursuant to Utah Code Ann. § 78B-4-101 et seq. also known as the Liability Protection for Volunteers Statute.

## JURY DEMAND

Pursuant to F.R.C.P. 38, Defendant demands a trial by jury and tenders herewith the statutory jury fee.

**WHEREFORE**, Defendant prays that Plaintiffs' Complaint be dismissed, with prejudice and on the merits, that Plaintiffs take nothing thereby and that Defendant Scott Michelsen on behalf of his minor child David Michelsen be granted incurred costs and such other and further relief as the court deems appropriate.

## CROSSCLAIM

Defendant and Cross claimant, Scott Michelsen on behalf of his minor child David Michelsen, by and through counsel, cross claim against The Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("The LDS Church") and the Boy Scouts of America ("Boy Scouts") for Apportionment of fault and indemnification as follows:

1. Without admitting or denying the allegations in Plaintiff's First Amended Complaint, they are incorporated here.
2. The assertions, responses and defenses contained in Defendant's Answer to the First Amended Complaint are incorporated here.

3. Cross claimant asserts that The LDS Church and the Boy Scouts were responsible for the Cross claimant's activities on October 11, 2014.  In addition, Cross claimant requests that the LDS Church and the Boy Scouts indemnify him as he was engaged in a voluntary service for their benefit pursuant to Utah Code Ann. § 78B-4-101 et seq., also known as the Liability Protection for Volunteers Statute.

Accordingly, Cross-claimant Michelsen prays that The LDS Church and the Boy Scouts be placed upon the special verdict form for an apportionment of fault and that they indemnify any damages assessed against Cross claimant David Michelsen.

Dated this 14th day of December, 2016.

                                      PETERSEN & ASSOCIATES

                                BY: */s/* Lloyd R. Jones
                                        LLOYD R. JONES
                                        Attorneys for Defendant
                                        DAVID MICHELSEN

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2016 I caused Defendant **DAVID MICHELSEN'S ANSWER, DEMAND FOR JURY TRIAL, AND CROSS CLAIM AGAINST THE BOY SCOUTS OF AMERICA AND THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS** to be filed by USDC ECF Notice, for service on the following:

Gary T. Wight
KIPP & CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, UT 84111

Michael Skolnick
KIPP & CHRISTIAN, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111-2314

Swen R. Swenson
World Trade Center
1800 World Trade Center
60 East South Temple
Salt Lake City, Utah 84111

Caleb Meyer, Esq.
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202

Adam M. Royval
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202

                                               */s/* Lloyd R. Jones

**NOTICE**

**All Members of the Law Office of Petersen & Associates are employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies and not a partnership.**

.