David S. Bridge (9077)
Dustin D. Gibb (13220)
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Email: dbridge@scalleyreading.net
Email: dgibb@scalleyreading.net
*Attorneys for Defendant Matt Day*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| THE ESTATE OF EDGAR RIECKE; SARA EARLY, individually and as an heir of Edgar Riecke; KATIE RIECKE, individually and as an heir of Edgar Riecke; and JEFF RIECKE, individually and as an heir of Edgar Riecke,<br><br>Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA; TRAPPER TRAILS COUNCIL, BOY SCOUTS OF AMERICA; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; LOGAN MACKAY; DAVID MICHELSON by and through his parents SCOTT MICHELSON and ANTONIA MICHELSON; MARC ANDERSON; GREG DAY; MATT DAY; BRAD EWELL; and CLARK MARTIN.<br><br>Defendants. | **DEFENDANT MATT DAY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT and RELIANCE ON JURY DEMAND**<br><br>Civil No. 2:16-CV-01044-JNP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner |

Defendant Matt Day ("Day") by and through his counsel, David S. Bridge and Dustin D. Gibb of the law firm of SCALLEY READING BATES HANSEN & RASMUSSEN, P.C., in answer to the Amended Complaint of Plaintiffs the Estate of Edgar Riecke; Sara Early, individually and as an heir of Edgar Riecke; Katie Riecke, individually and as an heir of Edgar Riecke; and Jeff Riecke, individually and as an heir of Edgar Riecke ("Plaintiffs") hereby admits, denies, affirmatively alleges, and otherwise responds as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Day should be barred or reduced to the extent that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Answering Numbered Allegations of Amended Complaint)

### RESPONSE TO PARTIES, JURISDICTION, AND VENUE

1. Day denies the allegations in paragraph 1 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

2. Day denies the allegations in paragraph 2 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

3. Day denies the allegations in paragraph 3 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

4. Day denies the allegations in paragraph 4 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

5. Day denies the allegations in paragraph 5 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

6. Day denies the allegations in paragraph 6 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

7. Day denies the allegations in paragraph 7 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

8. Day denies the allegations in paragraph 8 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

9. Day denies the allegations in paragraph 9 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

10. Day denies the allegations in paragraph 10 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

11. Day denies the allegations in paragraph 11 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

12. Day admits he is a citizen of the State of Utah but denies the remaining allegations in paragraph 12 of Plaintiff's Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

13. Day denies the allegations in paragraph 13 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

14. Day denies the allegations in paragraph 14 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

15. Day denies the allegations in paragraph 15 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

16. Day denies the allegations in paragraph 16 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

17. Day denies the allegations in paragraph 17 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

18. Day denies the allegations in paragraph 18 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

## RESPONSE TO GENERAL ALLEGATIONS

19. Day denies the allegations in paragraph 19 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

20. Day denies the allegations in paragraph 20 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

21. Day denies the allegations in paragraph 21 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

22. Day denies the allegations in paragraph 22 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

23. Day denies the allegations in paragraph 23 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

24. Day denies the allegations in paragraph 24 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

25. Day denies the allegations in paragraph 25 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

26. Day denies the allegations in paragraph 26 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

27. Day denies the allegations in paragraph 27 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

28. Day denies the allegations in paragraph 28 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

29. Day denies the allegations in paragraph 29 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

30. Day denies the allegations in paragraph 30 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

31. Day denies the allegations in paragraph 31 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

32. Day denies the allegations in paragraph 32 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
(Negligence – All Defendants)

33. Day realleges and incorporates by reference as though fully set forth herein his responses to all preceding paragraphs of Plaintiffs' Amended Complaint.

34. Day denies the allegations in paragraph 34 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

35. Day denies the allegations in paragraph 35 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

36. Day denies the allegations in paragraph 36 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

37. Day denies the allegations in paragraph 37 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

38. Day denies the allegations in paragraph 38 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

39. Day denies the allegations in paragraph 39 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

40. Day denies the allegations in paragraph 40 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

41. Day denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

42. Day denies the allegations in paragraph 42 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

43. Day denies the allegations in paragraph 43 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

44. Day denies the allegations in paragraph 44 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

45. Day denies the allegations in paragraph 45 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

46. Day denies the allegations in paragraph 46 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

47. Day denies the allegations in paragraph 47 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

48. Day denies the allegations in paragraph 48 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
(Gross Negligence – Scout Defendants and Troop Leaders)

49. Day realleges and incorporates by reference as though fully set forth herein his responses to all preceding paragraphs of Plaintiffs' Amended Complaint.

50. Day denies the allegations in paragraph 50 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

51. Day denies the allegations in paragraph 51 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

52. Day denies the allegations in paragraph 52 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

53. Day denies the allegations in paragraph 53 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

### RESPONSE TO THIRD CLAIM FOR RELIEF
(Negligence Per Se – Scout Defendants)

54. Day realleges and incorporates by reference as though fully set forth herein his responses to all preceding paragraphs of Plaintiffs' Amended Complaint.

55. Day denies the allegations in paragraph 55 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

56. Day denies the allegations in paragraph 56 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

57. Day denies the allegations in paragraph 57 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

58. Day denies the allegations in paragraph 58 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

### RESPONSE TO FOURTH CLAIM FOR RELIEF
(Negligent Supervision – Troop Leaders, LDS Church, BSA, and Council)

59. Day realleges and incorporates by reference as though fully set forth herein his responses to all preceding paragraphs of Plaintiffs' Amended Complaint.

60. Day denies the allegations in paragraph 60 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

61. Day denies the allegations in paragraph 61 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

62. Day denies the allegations in paragraph 62 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

63. Day denies the allegations in paragraph 63 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

64. Day denies the allegations in paragraph 64 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

## **RESPONSE TO FIFTH CLAIM FOR RELIEF**
(Punitive Damages – Troop Leaders, Scout Defendants)

65. Day denies the allegations in paragraph 65 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

66. Day denies the allegations in paragraph 66 of Plaintiffs' Amended Complaint for lack of sufficient knowledge, information, and/or belief and for legal conclusions.

67. Day denies all of the allegations set forth in Plaintiffs' prayer for damages.

## **THIRD AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced to the extent that the damages alleged by Plaintiffs, or any other party in this action, were the result of the conduct, negligence, or fault of Plaintiffs, the decedent, any party to this lawsuit, or any other third party, other than Day, in accordance with Utah's Liability Reform Act, Utah Code Ann. §78B-5-817 *et. seq*. Accordingly, Day is entitled to have the trier of fact apportion the damages and fault of Day, Plaintiffs, the decedent, any party to this lawsuit, and any other third party, person, or entity that bears fault. Day may only answer for Day's proportionate share of fault, if any.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced to the extent that damages claimed by Plaintiffs or any other party were the result of the breach of any legal duty, negligence, or fault of Plaintiffs, the decedent, any party to this lawsuit, or any other third party over whom Day had no right or obligation to control or supervise.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced to the extent that Day did not owe any legal duty to decedent, Plaintiffs, any party to the lawsuit, or any other third party, or in the alternative, did not breach any legal duty owed to decedent, Plaintiffs, any party to this lawsuit, or any other third party.

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced by the doctrines of unclean hands, waiver, release, res judicata, laches, ratification, acquiescence, consent, accord, satisfaction, and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced by avoidable consequences and failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced to the extent that Day was not the proximate cause of any of the accident or damages claimed, there were independent, intervening, or superseding causes, or the accident or damages were not foreseeable.

**NINTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred or reduced because methods and means of work and safety undertaken was overseen, supervised, approved, and/or accepted by other defendants or other third-parties, and not by this defendant.

**TENTH AFFIRMATIVE DEFENSE**

The claims asserted in this matter should be barred to the extent that Day complied with or exceeded applicable regulations and standards.

**ELEVENTH AFFIRMATIVE DEFENSE**

Day is entitled to an offset or credit against any judgment to the extent any party has been compensated by any source for which offset is allowed by law.

**TWELFTH AFFIRMATIVE DEFENSE**

The punitive damages claims are barred under by at least the following provisions of the United States and Utah Constitutions: the due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the Utah Constitution; the taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution; the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 24 of the Utah Constitution; the prohibitions against excessive fines and punishments in the Eighth Amendment to the United States Constitution and Article I, § 9 of the Utah Constitution; the rights given the accused by the Fifth and Sixth Amendments to the United States Constitution and Article I, §§ 12, 13 of the Utah Constitution; the prohibition of ex post facto laws in Article I, § 18 of the Utah

Constitution; and the open courts provision, Article I, § 11 of the Utah Constitution. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Utah Constitution prohibit any award of punitive damages against Defendant unless there is a unanimous verdict.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state facts sufficient to support a claim for punitive damages. The punitive damages claims are barred by *Utah Code Ann.* § 78B-8-201, unless compensatory or general damages are awarded, and it is established by clear and convincing evidence that the acts or omissions of Day are the result of gross negligence, outrageous conduct, willful or malicious conduct, intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. No act or omission of Day was outrageous, malicious, willful, wanton, reckless or grossly negligent and any award of punitive damages against Day is therefore barred. Plaintiffs have failed to plead with specificity a basis upon which punitive damages could be allowed. There is no good faith basis for allegations of punitive damages against this defendant and to that extent, attorneys' fees and costs should be awarded to this defendant pursuant to Rule 11 and Utah Code Ann. §78B-5-825. Punitive damages are also barred to the extent that the conduct already had been deterred by other means.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to *Utah Code Ann*. § 76-3-301 and 302, the maximum amount that can be awarded against a person is $10,000 and corporation is $20,000.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims made in this matter are bared or reduced by the doctrines of assumption of risk, open and obvious conditions, the decedent's failure to behave reasonably, prudently, or otherwise exercise due care.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims made in this matter should be barred to the extent that this answering defendant did not know and had no reasonable basis for knowing of the conduct that lead to this accident. This answering defendant did not have sufficient time to stop the accident.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims made in this matter for attorneys' fees and costs should be barred for lack of contractual or statutory basis.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted in this matter should be barred or reduced to the extent Plaintiffs are unable to prove damages in this matter, economic, or non-economic.

## NINETEENTH AFFIRMATIVE DEFENSE

Any allegations not otherwise admitted herein are denied.

## TWENTIETH AFFIRMATIVE DEFENSE

Day reserves the right to assert additional affirmative defenses at a later date.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Day incorporates by reference any defense raised by any other defendant in this matter.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted in this matter should be barred or reduced to the extent this action is not brought by the personal representative of the decedent and/or to the extent the estate of the decedent is an improper party. Utah Code Ann. 78B-3-106.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted in this matter should be barred or reduced by Utah Code Ann. §78B-4-101 *et seq*.

## RELIANCE ON JURY DEMAND

Day demands a trial by jury and relies on the statutory jury fee previously submitted by Plaintiffs.

WHEREFORE, Day prays that judgment be entered in his favor against Plaintiffs for no cause of action; for an apportionment of fault as to all parties causing or contributing to the cause of Plaintiffs' damages, if any; that Plaintiffs' claims for damages be barred or reduced in accordance with decedent's, Plaintiffs', any other parties', or other third parties' comparative fault; and that Day recover its attorneys' fees and costs incurred in defending this action together with such other relief as the Court deems just.

DATED this 19th day of December, 2016.

SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.

/s/ David S. Bridge
David S. Bridge
Dustin D. Gibb
*Attorneys for Defendant Matt Day*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of December, 2016, I caused a true and correct copy of the foregoing **DEFENDANT MATT DAY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT and RELIANCE ON JURY DEMAND** to be served via e-filing (CM/ECF) upon the following:

| | |
|---|---|
| Adam M. Royval<br>M. Caleb Meyer<br>MESSNER REEVES, LLP<br>*Attorneys for Plaintiffs* | Byron L. Ames<br>AMES & AMES, LLP<br>*Attorney for Plaintiff* |
| Lloyd R. Jones<br>PETERSEN & ASSOCIATES<br>*Attorney for David Michelson* | Peter H. Barlow<br>STRONG & HANNI<br>*Attorney for Logan Mackay* |

                                                       /s/ Jen Ungvichian