MICHAEL F. SKOLNICK - #4671
mfskolnick@kippandchristian.com
GARY T. WIGHT - #10994
gwight@kippandchristian.com
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
*Attorneys for Defendants*
*Boy Scouts of America and Trapper Trails Council, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE ESTATE OF EDGAR RIECKE; SARAH EARLY, individually and as an heir of Edgar Riecke; KATIE RIECKE, individually and as an heir of Edgar Riecke; and JEFF RIECKE, individually and as an heir of Edgar Riecke,<br><br>Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA; a Texas non-profit corporation; TRAPPER TRAILS COUNCIL, BOY SCOUTS OF AMERICA; a Utah non-profit corporation; THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah nonprofit corporation; LOGAN MACKAY, individually and in a representative capacity, DAVID MICHELSON, individually and in a representative capacity, by and through his parents SCOTT MICHELSON and ANTONIA MICHELSON; MARC ANDERSON, individually and in a representative capacity; GREG DAY, individually and in a representative capacity; MATT DAY, individually and in a representative capacity; BRAD EWELL, individually and in a representative capacity; and CLARK MARTIN, individually and in a representative capacity,<br><br>Defendants. | **DEFENDANTS BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND RELIEANCE OF JURY DEMAND**<br><br>Civil No. 2:16-01044<br><br>Judge Jill N. Parrish |

Defendant Boy Scouts of America ("BSA"), by and through counsel responds to the numbered paragraphs of Plaintiffs' First Amended Complaint and Jury Demand as follows:

1. Deny for lack of sufficient knowledge or information.

2. Deny for lack of sufficient knowledge or information.

3. Deny for lack of sufficient knowledge or information.

4. Deny for lack of sufficient knowledge or information.

5. Deny and affirmatively allege BSA is a congressionally chartered organization.

6. Deny for lack of sufficient knowledge or information.

7. Admit TTC is a Utah non-profit corporation which serves youth and leaders in certain parts of Utah, including Kaysville and Fruit Heights. The remainder of paragraph 7 purports to state a legal conclusion and accordingly does not require any response. To the extent any response to the remainder of paragraph 7 may be required, deny.

8. Deny for lack of sufficient knowledge or information.

9. Deny for lack of sufficient knowledge or information.

10. Deny for lack of sufficient knowledge or information.

11. Deny for lack of sufficient knowledge or information.

12. Deny for lack of sufficient knowledge or information.

13. Deny for lack of sufficient knowledge or information.

14. Deny for lack of sufficient knowledge or information.

15. Admit this court has personal jurisdiction over BSA, and deny the remainder of paragraph 15.

16. Deny for lack of sufficient knowledge or information.

17. Admit venue is proper in this court under 28 U.S.C. § 13(9)(B)(1) with respect to BSA. Deny the remainder of paragraph 17 for lack of sufficient knowledge or information.

18. Paragraph 18 purports to state legal conclusion, and accordingly requires no response. To the extent any response may be required, deny for lack of sufficient knowledge or information.

19. Admit LDS Church, BSA, TTC and Troop 603 are in some sense affiliated. Admit that as part of their relationship LDS Church charters BSA Troops to engage in Scouting activities, including Cub Scouting, Boy Scouting, Varsity Scouting and Venturing. Deny the remainder of paragraph 19.

20. Admit LDS leaders and other LDS Church members may participate either as volunteers or paid employees in district, council, and national Scouting for a variety of purposes. Deny paragraph 20 correctly or completely states those purposes, and deny the remainder of paragraph 20.

21. Deny.

22. Deny for lack of sufficient knowledge or information, and affirmatively allege that the referenced permit speaks for itself.

23. Deny with respect to BSA, and deny for lack of sufficient knowledge or information with respect to the LDS Church.

24. Admit that on October 11, 2014 the Troop Leaders were engaged in an activity described in a Tour Plan submitted to TTC. Deny the remainder of paragraph 24, and affirmatively allege the Tour Plan speaks for itself.

25. Deny for lack of sufficient knowledge or information.

26. Deny for lack of sufficient knowledge or information.

27. Deny for lack of sufficient knowledge or information.

28. Deny for lack of sufficient knowledge or information.

29. Deny for lack of sufficient knowledge or information.

30. Deny for lack of sufficient knowledge or information.

31. Deny for lack of sufficient knowledge or information.

32. Deny for lack of sufficient knowledge or information.

33. BSA incorporates and realleges paragraphs 1 through 32 above.

34. Admit the Scout defendants may owe certain duties of care in certain circumstances. Deny that paragraph 34 correctly or completely states such duties of care, and deny the remainder of paragraph 34.

35. Admit the Troop Leaders may owe certain duties of care in certain circumstances. Deny that paragraph 34 correctly or completely states such duties of care, and deny the remainder of paragraph 34.

36. Deny for lack of sufficient knowledge or information.

37. Deny with respect to BSA.

38. Deny.

39. Deny with respect to BSA. Deny for lack of lack of sufficient knowledge or information with respect to the remaining defendants.

40. Deny with respect to BSA. Deny for lack of lack of sufficient knowledge or information with respect to the remaining defendants.

41. Deny the Scout defendants were acting within the scope of agency of BSA. Deny the remainder of paragraph 41 for lack of sufficient knowledge or information.

42. Deny for lack of sufficient knowledge or information.

43. Deny for lack of sufficient knowledge or information.

44. Deny for lack of sufficient knowledge or information.

45. Deny for lack of sufficient knowledge or information.

46. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

47. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

48. Deny.

49. BSA incorporates and realleges paragraphs 1 through 48 above.

50. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining Scout defendants.

51. Deny for lack of sufficient knowledge or information.

52. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

53. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

54. BSA incorporates and realleges paragraphs 1 through 53 above.

55. Paragraph 55 purports to state a legal conclusion and accordingly requires no response. To the extent any response may be required, admit that 36 C.F.R. 261.6(a) and (b) contains the referenced text.

56. Paragraph 55 purports to state a legal conclusion and accordingly requires no response. To the extent any response may be required, admit that 36 C.F.R. 223.6 contains the referenced text.

57. Admit the Permit states that removal of live or standing trees is not authorized. Deny the remainder of paragraph 57 for lack of sufficient knowledge or information, and to the extent paragraph 57 purports to state a legal conclusion.

58. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

59. BSA incorporates and realleges paragraphs 1 through 58 above.

60. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

61. Deny for lack of sufficient knowledge or information.

62. Deny the Troop Leaders acted as agents of BSA. Deny the remainder of paragraph 62 for lack of sufficient knowledge or information.

63. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

64. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

65. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

66. Deny with respect to BSA. Deny for lack of sufficient knowledge or information with respect to the remaining defendants.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages must be proven beyond a reasonable doubt.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages must be proven by clear and convincing evidence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is governed and limited by the provisions of U.C.A. § 78B-8-201.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is limited by the provisions of U.C.A. § 76-3-301.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which punitive damages can be awarded.

## SIXTH AFFIRMATIVE DEFENSE

Punitive damages in this case are prohibited by at least the following provisions of the United States and Utah Constitutions:

> The due process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution;
>
> The taking clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution;
>
> The equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I, § 24 of the Utah Constitution;
>
> The prohibitions against excessive fines and punishments contained in the Eighth Amendment to the United States Constitution and Article I, § 9 of the Utah Constitution;
>
> The rights given an accused by the Fifth and Sixth Amendments to the United States Constitution, and Article I, §§ 12 and 13 of the Utah Constitution;
>
> The prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and,
>
> The open courts provision, Article I, § 11 of the Utah Constitution.

Among the reasons an award of punitive damages in this case would violate these and other provisions of the United States and Utah Constitutions are the following:

> The standards of conduct and standards for awarding punitive damages are vague and ambiguous;
>
> Plaintiff seeks to punish BSA for the acts of another;
>
> BSA has not been given the same protections and guarantees as criminal defendants, such as protection from self- incrimination, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.;
>
> The state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, but rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and
>
> The threat of punishment will be used to chill defendant's access to open courts and extort a favorable civil resolution.

At a minimum, BSA must be given the protections and guarantees of an accused under criminal law.

## SEVENTH AFFIRMATIVE DEFENSE

BSA did not act with actual malice, and any award of punitive damages is therefore barred.

## EIGHTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages may not be awarded in this case because any outrageous and malicious conduct, which conduct is expressly denied, is likely to be deterred by other means.

## NINTH AFFIRMATIVE DEFENSE

BSA is entitled to the protections afforded under §§ 78B-4-101-103 of the Utah Code.

## TENTH AFFIRMATIVE DEFENSE

BSA denies each and every allegation not expressly admitted herein.

## ELEVENTH AFFIRMATIVE DEFENSE

BSA reserves the right to raise any additional affirmative defenses which may arise during the course of discovery.

## RELIANCE ON JURY DEMAND

BSA reserves the right to raise any additional affirmative defenses which may arise during the course of discovery.

WHEREFORE, having answered plaintiffs' Amended Complaint, BSA requests that:

1. Plaintiffs' Amended Complaint be dismissed with prejudice, and that plaintiffs take nothing thereby;

2. BSA be awarded its attorney's fees and costs herein; and

3. The court grant such further relief as it deems just and equitable.

DATED this 19th day of December, 2016.

KIPP AND CHRISTIAN, P.C.

/s/ Michael F. Skolnick
MICHAEL F. SKOLNICK
GART T. WIGHT
*Attorneys for Defendants Boy Scouts of America and Trapper Trails Council, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2016 a true and correct copy of the foregoing **DEFENDANTS BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND RELIANCE ONJURY DEMAND** was served by the method indicated below, to the following:

| | |
|---|---|
| Byron L. Ames | (  ) U.S. Mail, Postage Prepaid |
| AMES & AMES, LLP | (  ) Hand Delivered |
| 210 N. Main Street | (  ) Overnight Mail |
| Kamas, UT   84036 | (  ) Facsimile |
| *Attorneys for Plaintiff* | (X) Electronically filed |
| | |
| M. Caleb Meyer | (  ) U.S. Mail, Postage Prepaid |
| Adam M. Royval | (  ) Hand Delivered |
| MESSNER REEVES LLP | (  ) Overnight Mail |
| 1430 Wynkoop Street, Suite 300 | (  ) Facsimile |
| Denver, CO   80202 | (X) Electronically filed |
| *Attorneys for Plaintiff* | |
| | |
| Peter H. Barlow | (  ) U. S. Mail, Postage Prepaid |
| Andrew D. Day | (  ) Hand Delivered |
| STRONG & HANNI | (  ) Overnight Mail |
| 102 South 200 East, Suite 800 | (  ) Facsimile |
| Salt Lake City, Utah   84111 | (X) Electronically filed |
| *Attorneys for Defendant Logan Mackay* | |

_____

| | |
|---|---|
| Lloyd R. Jones<br>PETERSEN & ASSOCIATES<br>230 South 500 East<br>Suite 400<br>Salt Lake City, Utah   84102<br>*Attorneys for Defendant David Michaelsen* | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronically filed |
| David S. Bridge<br>Dustin D. Gibb<br>SCALLEY READING BATES HANSEN & RASMUSSEN, P.C.<br>15 West South Temple, Suite 600<br>Salt Lake City, Utah   84101<br>*Attorneys for Defendant Matt Day* | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronically filed |

KIPP AND CHRISTIAN, P.C.

*/s/ Nancy Paez*
_____
Nancy Paez, Assistant to Michael F. Skolnick