# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **THE ESTATE OF EDGAR RIECKE, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **BOY SCOUTS OF AMERICA, a Texas non-profit corporation; et al.,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:16-cv-01044-JNP-PMW** <br><br> **District Judge Jill N. Parrish** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' partially unopposed motion for leave to file a second amended complaint.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **ANALYSIS**

As an initial matter, the court notes that the Defendants who responded to Plaintiffs' motion (collectively, "Responding Defendants") do not oppose it to the extent that Plaintiffs seek

---

[1] *See* docket no. 11.

[2] *See* docket no. 47.

to clarify their complaint by withdrawing a category of damages and to conform certain allegations in the complaint to the evidence discovered to date. Accordingly, that portion of Plaintiffs' motion is granted. The court now turns to the remainder of Plaintiffs' motion, which seeks to add Steve Hanni ("Hanni") and Steve Luddington ("Luddington") as named defendants.

Plaintiffs' motion is brought under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

The court has determined that only the factors of undue delay and prejudice are relevant to Plaintiffs' motion. The court turns to addressing those factors.

## I. Undue Delay

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . , especially when the party filing the motion has no adequate explanation for the delay . . . ." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted); *see also Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987). "Furthermore, '[w]here

2

the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Frank*, 3 F.3d at 1366 (quoting *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

In addition to showing that there was no undue delay, when

> an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, most circuits require that the parties show good cause as required under Rule 16(b) [of the Federal Rules of Civil Procedure]. The Tenth Circuit "has not ruled on [this] question in the context of an amendment to an existing pleading."

*DeMarco v. LaPay*, No. 2:09-CV-190 TS, 2011 WL 5118299, at *1 (D. Utah Oct. 27, 2011) (quoting *Bylin*, 568 F.3d at 1231 n.9) (second alteration in original) (footnotes omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "However, it has noted the rough similarity between the good cause standard of Rule 16(b) and [the Tenth Circuit's] undue delay analysis under Rule 15 and that appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule." *DeMarco*, 2011 WL 5118299, at *1 (alteration in original) (quotations, citations, and footnotes omitted). "When applied, the good cause standard requires the . . . party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id*. (quotations, citation, and footnote omitted).

Given the rough similarity between the Rule 16(b) good cause standard and the undue delay analysis under Rule 15, the court will consider them together. Specifically, the court will

focus on whether Plaintiffs have provided an adequate explanation for the delay in bringing their motion.

In the pertinent portion of their motion, Plaintiffs seek to add Hanni and Luddington as named defendants. The deadline for Plaintiffs to bring a motion to amend their pleadings in this case was April 4, 2017.[3] Plaintiff's motion was not filed until August 7, 2017, over four months after that deadline.[4] Plaintiffs attempt to explain the delay in bringing their motion by asserting that Hanni's and Luddington's involvement in this case did not become clear until depositions began in May 2017.

In their responses to Plaintiffs' motion, Responding Defendants contend that Plaintiffs had knowledge of Hanni's and Luddington's involvement in this case much earlier than May 2017. Responding Defendants correctly note that a Utah Highway Patrol report, which Plaintiffs obtained in November 2014, was included with Plaintiffs' February 2017 initial disclosures. Although Hanni and Luddington were not specifically listed in Plaintiffs' initial disclosures, the Utah Highway Patrol report identifies Hanni and Luddington as witnesses to the events underlying this case. Responding Defendants further argue that, even if Plaintiffs did not know of Hanni's and Luddington's involvement until depositions began in May 2017, Plaintiffs have not adequately explained the four-month delay in bringing their motion.

For the following reasons, the court agrees with Responding Defendants and concludes that Plaintiffs have failed to provide an adequate explanation for the delay in bringing their motion to amend. First, Responding Defendants have demonstrated that Plaintiffs were aware,

---

[3] *See* docket no. 39.

[4] *See* docket no. 47.

or should have been aware, of Hanni's and Luddington's involvement in this case as early as November 2014, almost two years before they filed their original complaint in this matter. Plaintiffs have failed to provide an adequate explanation for failing to include Hanni and Luddington as named defendants in their original complaint. *See Frank*, 3 F.3d at 1366; *Gates Learjet Corp.*, 823 F.2d at 387. Second, even if the court assumes that Plaintiffs were not aware of Hanni's and Luddington's involvement until they served their initial disclosures in February 2017, the court concludes that Plaintiffs have failed to provide a sufficient explanation for their failure to bring a motion for leave to amend at that time, which was prior to the expiration of their deadline for moving to amend their pleadings. Finally, even if the court accepted Plaintiffs' contention that they did not know of Hanni's and Luddington's involvement until depositions commenced in May 2017, the court concludes that Plaintiffs have failed to provide an adequate explanation for the delay of over four months in bringing their motion to amend.

For those reasons, the court concludes that the portion of Plaintiffs' motion that seeks to add Hanni and Luddington as named defendants is denied solely on the basis of undue delay. *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185 ("Untimeliness alone may be a sufficient basis for denial of leave to amend. Contrary to plaintiff's assertion, prejudice to the opposing party need not also be shown."); *Air Capitol Aircraft Sales, Inc.*, 820 F.2d at 1133 ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."). Nevertheless, the court will address the issue of prejudice because it also supports denial of the same portion of Plaintiffs' motion.

**II.	Prejudice**

Prejudice is typically found "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Minter*, 451 F.3d at 1208 (quotations and citations omitted).

Plaintiffs contend that the named defendants in this case will not be prejudiced if Plaintiffs are provided with leave to amend the complaint. Plaintiffs assume, without any factual support, that current counsel for some of the named defendants will also represent Hanni and Luddington. Plaintiffs further maintain that there is sufficient time for any additional discovery required as a result of adding Hanni and Luddington as named defendants.

The Responding Defendants argue that the named defendants in this case will be prejudiced by Plaintiff's proposed amendment. Responding Defendants note that Plaintiffs' assumption concerning the representation of Hanni and Luddington has no basis. Responding Defendants also assert that they have expended significant time and resources to date in connection with discovery in this case. Responding Defendants contend that, if Hanni and Luddington are added as named defendants at this late stage of the case, both of those individuals will likely want to extend fact discovery. Responding Defendants claim that requiring them to essentially restart discovery in this case would result in significant additional expense and burden.

The court agrees with Responding Defendants. The court is not persuaded that there will be adequate time for any additional discovery required by the addition of Hanni and Luddington as named defendants. Indeed, the fact discovery deadline is set to expire on October 31, 2017.

Furthermore, at this late stage of the case, allowing the addition of Hanni and Luddington would impose significant additional expense and burden that could have been avoided if Plaintiffs either named Hanni and Luddington in their original complaint or sought leave to add those parties in a timely fashion.

For those reasons, the court concludes that the named defendants in this case will be prejudiced if Plaintiffs are given leave to amend their complaint at this late date. The portion of Plaintiffs' motion that seeks to add Hanni and Luddington as named defendants is denied on that alternative basis.

## **CONCLUSION AND ORDER**

Based on the foregoing, Plaintiffs' motion for leave to file a second amended complaint[5] is GRANTED IN PART and DENIED IN PART. Plaintiffs are hereby permitted to amend their complaint to withdraw a category of damages and to conform certain allegations in the complaint to the evidence discovered to date. Plaintiffs shall not be allowed to add Hanni and Luddington as named defendants.

IT IS SO ORDERED.

DATED this 11th day of October, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* docket no. 47.